UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
      :
LETRICIA DIANNE JOHNSON,      :
      :
      Plaintiff,      :
      :  11 Civ. 662 (DLC)
    -v-      :
      :  MEMORANDUM OPINION & ORDER
J.P. MORGAN CHASE BANK, N.A.;      :
J.W. TOWING INC.,      :
      :
      Defendants.      :
----------------------------------------X

DENISE COTE, District Judge:

    Plaintiff, appearing pro se, brings this action alleging a violation of her rights. For the following reasons, the Complaint is dismissed.

    The court has the authority to screen sua sponte an in forma pauperis complaint at any time pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court may dismiss an in forma pauperis complaint, or portion thereof, that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); see Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998). While the law authorizes dismissal on any of these grounds, district courts "remain obligated to construe a pro se complaint liberally." Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009). Thus, pro se complaints should be read with "special solicitude" and should be interpreted to raise the "strongest [claims] that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474-75 (2d Cir. 2006) (citation omitted).

Case 1:11-cv-00662-DLC   Document 3   Filed 02/10/11   Page 2 of 5

Plaintiff alleges that, on August 1, 2008, her vehicle was illegally repossessed and that the documents upon which the repossession was based were fraudulent.  She asserts that her Chase Auto loan had been paid in full.  Plaintiff brought an action regarding the fraudulent repossession in the New York Supreme Court, Kings County (Case No. 15924/09), which was transferred to the New York City Civil Court, Kings County (Case No. TS-300256-10/KI).  Plaintiff seeks $26,000,00 in damages and injunctive relief.

To the extent plaintiff raises claims in an attempt to have the court review any ongoing proceeding taking place in state court, such claims must be dismissed.  <u>Younger v. Harris</u>, 401 U.S. 37, 54 (1971); <u>Kaufman v. Kaye</u>, 466 F.3d 83, 86 (2d Cir. 2006).  "<u>Younger</u> abstention is mandatory when: (1) there is a pending state proceeding, (2) that implicates an important state interest, and (3) the state proceeding affords the federal plaintiff an adequate opportunity for judicial review of his or her federal constitutional claims."  <u>Spargo v. New York State Comm'n on Judicial Conduct</u>, 351 F.3d 65, 75 (2d Cir. 2003).

Moreover, to the extent plaintiff seeks to assert claims regarding constitutional violations that she alleges occurred in Brooklyn, New York, the Southern District of New York is not the appropriate court in which to bring these claims.  The relevant venue provision, 28 U.S.C. § 1391(b), provides that a civil action may "be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ."

2

As Brooklyn, New York is located in the Eastern District of New York, see 28 U.S.C. § 112(c), the United States District Court for the Southern District of New York is not the appropriate court in which to file these claims.

If an action is filed with the wrong district court, a court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).  This provision vests broad discretion with the court to decline to transfer a case where it would not be in the interest of justice to effect such a transfer.  As it would not be in the interest of justice to transfer these claims to the United States District Court for the Eastern District of New York, the claims are dismissed.

CONCLUSION

Plaintiff's Complaint, filed in forma pauperis, is dismissed on abstention grounds and for improper venue.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose

of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).  The Clerk of Court is directed to enter judgment dismissing the Complaint.

SO ORDERED:

Dated:   New York, New York
         February 10, 2011

                                   _____
                                          DENISE COTE
                                   United States District Judge

COPIES SENT TO:

Letricia Dianne Johnson
20 Harden Street
Brooklyn, NY 11234

1.